UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 13 80 027 MISC   EMC

———————————————— x
Austin Obodai,

        Plaintiff,

    v.

Indeed, Inc.,

        Defendant.
———————————————— x

Misc. Case No. _____

**MOTION OF PARTY AUSTIN OBODAI TO QUASH SUBPOENA TO GOOGLE, INC. SEEKING IDENTITY AND EMAIL CONTENT INFORMATION**

FILED FEB 07 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### I. INTRODUCTION

Pursuant to the federal Stored Communications Act ("SCA") codified under Title 18 USC § 2701 *et seq.* and Rule 26(c)—Party Austin Obodai ("Obodai") involved in the above-cited case—hereby moves to quash the Indeed, Inc. ("Indeed") discovery subpoena dated January 24, 2013 to Google, Inc. ("Google"). "[A]n individual has a personal right in information in his or her profile and inbox on a social networking site and his or her webmail inbox[.]" See Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) (adopting Hone v. Presidente U.S.A. Inc., No. 5:08-mc-80071-JF, 2008 U.S. Dist. LEXIS 55722, *4 (N.D.Cal. July 21, 2008))." The subpoena, attached herein as Exhibit A, is seeking "identity" and "content information" pertaining to Obodai found in the form of agreements, texts, letters, communications, correspondence, e-mails, certificates, records, books, personal conversations, diaries and so forth retrievable from Obodai's active e-mail account (*heptad.legal@gmail.com*). Under federal law, no content information can be sought from Google's Gmail service by Indeed when the SCA is blatantly concerned. Not even a proper civil subpoena can be used for requiring the vaguely listed content information Indeed seeks from the Gmail account operated by the *electronic communication service* provider Google which hosts and stores content data for others as a traditional web host. See especially http://support.google.com/mail/bin/answer.py?hl=en&answer=6558 ("Gmail offers 10 GB of free storage for your messages and attachments, and we're adding more space as fast as we can. Your storage use is based on the size of all of the messages and attachments in your mail...") (last visited Jan. 27, 2013). Under the SCA, Google's

1

Gmail offers an "electronic communication service" but the company itself is also a "remote computing service" provider for it provides "computer processing services or computer storage to the public." See In re JetBlue Airways Corp. Privacy Litig., 379 F. Supp. 2d 299, 310 (E.D.N.Y. 2005); 18 U.S.C. § 2711 (2); § 2510 (15); § 2510(17). Because Google's services are shielded by the SCA, *it is illegal* for it to disclose even a tiny fraction of the content information sought by Indeed. 18 USC § 2702. Furthermore, the subpoena is facially overbroad and seeks information well beyond the permissible scope of civil discovery. As revealed by the Statement of Facts below, the subpoena is overly broad since its three requests have nothing to do with events which may have taken place outside the date range June 14, 2012 to June 15, 2012.

## II. STATEMENT OF FACTS

This case arises from Indeed's suppositions that from the *relevant time frame* June 14, 2012 to June 15, 2012, an unknown individual by the name "John Daniels" accessed or used the e-mail accounts johndaniels366@yahoo.com and 2552722sd@yahoo.com, created or disseminated documents on the web servers of www.indeed.com with such Yahoo Inc. e-mail addresses. Because the unknown owner of 2552722sd@yahoo.com caused Indeed's own e-mail account notify@indeed.com to transmit a .PDF document to heptad.legal@gmail.com *on exactly June 15, 2012*, see, *infra*, the Statement of Fact's ¶ 5 showing that notify@indeed.com through Indeed's own IP address 69.48.252.8 committed a transmission to heptad.legal@gmail.com on Jun. 15, Indeed wants Obodai's e-mail account rummaged through. The subpoena *unintelligibly* asks for a *Media Access Control number* from an electronic communication service provider as Google under its Definition's ¶ 4 and states under its Definition's ¶ 7 "[u]nless otherwise specified, the relevant time period for these requests is April 1, 2012 through the present[.]" The subpoena is overbroad; it seeks irrelevant information outside the relevant period (June 14, 2012 to June 15, 2012) upon which relevant events are alleged to have taken place. The facts on which the subpoena has been tendered are as follows:

1. Indeed, Inc. is forcing Google to produce documents by way of Rule 45 which do not concern the claims or defenses of the parties in the ongoing action Docket No. 12-CV-4901 (S.D.N.Y.).

2

2. Pages 2-3 of ECF #33-2 from *Docket No. 12-CV-4901 (S.D.N.Y.)* are what the subpoena is predicated upon. ECF referrals below point to *Docket No. 12-CV-4901 (S.D.N.Y.)*.

3. ECF #72 is an *Answer*: all its allegations are automatically denied by Plaintiff. Rule 8(b)(6).

4. *Only June 15, 2012 (when heptad.legal@gmail.com received a transmission from notify@indeed.com) and perhaps June 14, 2012 (when John Daniels became implicated) are the only relevant dates. The subpoena is overbroad because it focuses on the irrelevant dates April 1, 2012 to June 13, 2012 and June 16, 2012 to present.*

5. ECF #32's Exhibit D at p. 2, shows that Indeed, Inc's notify@indeed.com and Indeed, Inc.'s IP address 69.48.252.8 was designated by Google as the "permitted sender" of the June 15, 2012 e-mail which was sent to heptad.legal@gmail.com by an unknown person.

6. In the defective subpoena, Indeed, Inc. does not even attempt to concentrate on ¶ 5 of this Statement of Facts.

### III. ARGUMENT

### A. The SCA Prohibits Google From Disclosing The Contents Of Communications Or Customer Records And Related Information

Obodai will not waste the Court's precious time by making a plethora of arguments about the SCA so as to illustrate that Indeed's unenforceable Jan. 24 subpoena to Google seeking a wide variety of content information pertaining to heptad.legal@gmail.com should be quashed in its entirety. Even had Indeed included only "handwritten or other notes" under the Definition's ¶ 3, the subpoena would still be prohibited by the SCA. The vague subpoena, regardless of its merit, must still be quashed since this Court has held that:

> The case law confirms that civil subpoenas may not compel production of records from providers like Facebook. To rule otherwise would run afoul of the "specific [privacy] interests that the [SCA] seeks to protect." These cases have considered subpoenas under both Fed. R. Civ. P. 45 and Section 1782, and in any event the court sees no practical difference. It would be odd, to put it mildly, to grant discovery related to foreign proceedings but not those taking place in the United States. Nor is the court persuaded that Applicants' consent on Sahar's behalf distinguishes these precedents so as to justify compelling production. Under the plain language of Section 2702, while consent may permit production by a provider, it may not require such a production. The Applicants subpoena must be quashed.

3

See In re Request for Facebook, Inc. to Produce Documents and Things, 12-MC-80171 LHK (PSG) ECF #22, at 2-3 (N.D. Cal. 2012).

Facebook operates the same way as Gmail: both services offer to store and host e-mail contents as online service providers hosting data at the direction of their users.

### B. The Claims And Defense Of The Parties Do Not Even Focus On Jun. 14 To Jun. 15 Thus Making The Subpoena Seeking "Only" Irrelevant Content Information Overly Broad

"A subpoena is overbroad if it is not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1)." See especially State Farm Mutual Automobile Insurance Company v. Hawkins, 08-CV-10367 (RHC) ECF #128, at 8 (E.D. Mich. 2011). "A subpoena imposes an undue burden on a party when a subpoena is overbroad." See In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). Clearly, Indeed has not identified in its defenses what information it hopes to discover from the irrelevant date inquiries thus making its requests "massively overbroad" and "patently unlawful[.]"" See Theofel v. Farey-Jones, 359 F. 3d 1066, 1072 (9th Cir. 2004). In fact, nothing in Indeed's Answer, see the Statement of Facts at ¶ 3, concern April 1, 2012 to June 13, 2012 *and* June 16, 2012 to present. Because certain dates or time frames have no relevancy to any "specified issues" pertinent to the ongoing litigation, *all the three requests are overbroad*. Indeed is unaware that a "subpoena [not] request[ing] only e-mail related to the subject matter of [a] litigation, or maybe messages sent during some *relevant time period*" renders the discovery request massively overbroad. *Theofel*, 359 F. 3d 1066, at 1071 (emphasis added). A district court following a general principle not inconsistent with the Ninth Circuit's holding in Theofel has stated that:

> [S]ubpoenas a[re] overly broad when the dates of information requested in those subpoenas fall outside the relevant period of a suit. *See Southern United States Trade Ass'n v. Guddh*, 2012 WL 5199706, at *4-*5 (E.D. La. Oct. 19, 2012) (Roby, M.J.) (striking subpoena for, *inter alia*, phone records as overbroad where subpoena requested records from January 1, 2008, and allegations in suit dated to April 28, 2010, because "there was no [indication] that the subpoenas directed towards Guddh were tailored to Plaintiffs' claims in the instant suit.").

See Global Oil Tools, Inc. v. Barnhill et al.,12-CV-1507 (KWR) ECF #113, at 5 (E.D. La. 2012); see

4

also <u>Groce v. Claudat</u>, 09-CV-1630 (WMC) ECF #95, at 4-5 (S.D. Cal. 2012) (quashing the entire subpoena where *"the time period covered by the request [wa]s unreasonable."*) (emphasis added).

Even Indeed's own defenses cannot be reasonably read to be based on events which took place on June 14, 2012 to June 15, 2012 yet its subpoena requests information from irrelevant periods (April 1, 2012 to June 13, 2012 *and* June 16, 2012 to present). For such an oppressively unreasonable *but costly subpoena*, Indeed should be *severely* sanctioned under Rule 26(c)(3), not lauded by the Court. See <u>Special Markets Insurance Consultants, Inc. v. Lynch, et al.</u>, 11-CV-9181 (GSB) ECF #82, at 8-9 (N.D. Ill. 2012). The subpoena should be quashed and a *protective order issued under Rule 26(c) to bar similar future requests*. Lynch, et al., 11-CV-9181 (GSB) ECF #82, at 6 (quashing the plaintiff's subpoena and stating "even if the subpoenas were not prohibited by the SCA, the court would enter a protective order under Rule 26(c) [for] [t]he scope of the subpoenas [wa]s grossly overbroad" in nature).

## IV. CONCLUSION

The defective subpoena, which claims Mr. Mulins is Obodai's attorney, should be quashed under the SCA. For the burdensome subpoena's "overbroadness," a protective order should issue under Rule 26(c). See especially <u>In re Remec, Inc.</u>, 04-CV-1948 ECF #136, p. 6 (S.D. Cal. 2008) (granting a protective order where the overbroad subpoena did not concern claims and defenses of the case).

Dated: February 4, 2013                                    Respectfully submitted,

*/s/ Austin*

_____
Austin Obodai d/b/a HEPTAD
820 Boynton ave #6b, Bronx, NY, 10473
*Party*

### PROOF OF SERVICE

On February 4, 2013, a copy of this Motion to Quash and all its Attachment were served upon counsel whose email addresses are available at bym@msk.com; hhw@msk.com.

5

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Northern District of California

| AUSTIN OBODAI | ) ) |  |
|---|---|---|
| *Plaintiff* | ) ) |  |
| v. | ) ) | Civil Action No. 12 Civ. 4901 (JGK) (DCF) |
| INDEED, INC. |  | (If the action is pending in another district, state where: |
| *Defendant* |  | Southern District of New York) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Google Inc. c/o Custodian of Records, 1600 Amphitheatre Parkway, Mountain View, California 94043

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: First Legal Support Services | Date and Time: |
|---|---|
| 1138 Howard St., San Francisco, CA 94103 | 2/20/13 10:00 AM |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: January 24, 2013

*CLERK OF COURT*

OR  *[signature]*

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

Bradley Mullins, Attorney for Plaintiffs

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Indeed, Inc., who issues or requests this subpoena, are:
Bradley Mullins, Mitchell Silberberg & Knupp LLP / 12 East 49th Street, 30th Floor / New York, New York 10017
Email: bym@msk.com / Telephone: (212) 509-3900

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

1/45204-0000t

## ATTACHMENT A

### I. INSTRUCTIONS

1. Google, Inc. is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2. Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

### II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1. The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2. "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular, and the singular includes the plural. The masculine gender of any word used herein includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3. The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence. Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes, invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to

1

any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4. The term "Identify" means to provide the following information: name, address, telephone number, e-mail address, Media Access Control number, or any other identifying information, including, for example, information contained on any subscriber activity logs.

5. The term "IP Address" means Internet Protocol address and Internet Protocol number.

6. The term "Used" means the individuals and/or entities who were assigned the particular IP Address and/or who accessed the Internet by means of the particular IP Address on the specified date and time period.

7. Unless otherwise specified, the relevant time period for these requests is April 1, 2012 through the present.

### III. DOCUMENTS REQUESTED

1. All Documents sufficient to Identify all individuals and/or entities associated with the e-mail account related to the e-mail address heptad.legal@gmail.com, including the names, addresses, telephone numbers, and e-mail addresses of such individuals or entities.

2. All Documents sufficient to Identify every IP Address Used to access the e-mail account relating to the e-mail address heptad.legal@gmail.com, and the dates and times of each such access.

3. All Documents relating to any individual(s) who created, accessed and/or used the email address heptad.legal@gmail.com.