United States District Court
Northern District of California

AUSTIN OBODAI (d/b/a Heptad),

    Plaintiff,

v.

INDEED, INC.,

    Defendants.

Case No.: 13-80027-MISC EMC (KAW)

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO QUASH, MODIFYING INDEED, INC.'S SUBPOENA TO GOOGLE, INC.

On February 7, 2013, Plaintiff Austin Obodai (d/b/a Heptad, hereinafter referred to as "Plaintiff" or "Obodai"), appearing *pro se*, moved to quash a subpoena issued by Indeed, Inc. ("Indeed") to obtain e-mail subscriber information from Google, Inc. ("Google") for use in a proceeding in the U.S. District Court for the Southern District of New York. (*See* Pl.'s Mot. to Quash ("Pl.'s Mot."), Dkt. No. 1.)  On March 21, 2013, the court held a hearing.  Having reviewed the papers and considered the parties' arguments, the Court GRANTS-IN-PART Obodai's motion and MODIFIES Indeed's subpoena for the reasons set forth below.

### I.    BACKGROUND

Indeed operates a global online forum for job seekers. (Def.'s Opp. to Pl.'s Mot. to Quash ("Def.'s Opp."), Dkt. No. 6, at 1.)  Obodai is a professional blogger who owns or operates a website, www.choicehow.com. (*Id.*)  This website contains articles on a variety of "how-to" subjects, including, for example, "How to Get Your Car Stolen" and "How to Store Bookmarks From Chrome." (Choicehow.com, http://www.choicehow.com (last visited Mar. 21, 2013).)

On June 19, 2012, Plaintiff filed the underlying action in the U.S. District Court for the Southern District of New York. *See Obodai v. Indeed, Inc.*, C 12-04901 JGK DCF (S.D.N.Y.). In his original complaint, Plaintiff alleges copyright infringement of 27 works that were essentially

unlawfully distributed through Indeed's website. (*See* Compl., SDNY Dkt. No. 2, ¶¶ 6-7, 12-13, 15-16.)

According to Indeed, Plaintiff's infringement claims arise from a resume posted on Indeed's website by an individual named "John Daniels," which contained some of Plaintiff's copyrighted content. (Def.'s Opp., at 2.) Indeed believes that Plaintiff himself created the "John Daniels" account and sent himself notice that his copyrighted works were available on Indeed's website, because the account creation and Obodai's receipt of the notice of infringement from an unidentified third party all occurred within a 25 hour period. (*Id.* at 2-3.) Indeed claims that all of these events originated from the same Internet Protocol ("IP") address located near Plaintiff's residence. (*Id.* at 3.)

On January 24, 2013, Indeed subpoenaed Google to obtain subscriber information and IP address information for Plaintiff's heptad.legal@gmail.com account. (Pl.'s Mot., Exh. A.) Indeed's subpoena consists of three requests:

> 1. All Documents sufficient to Identify all individuals and/or entities associated with the e-mail account related to the e-mail address heptad.legal@gmail.com, including the names, addresses, telephone numbers, and e-mail addresses of such individuals or entities.
>
> 2. All Documents sufficient to identify every IP Address Used to access the e-mail account relating to the e-mail address heptad.legal@gmail.com, and the dates and times of each such access.
>
> 3. All Documents relating to any individual(s) who created, accessed and/or used the email address heptad.legal@gmail.com.

(*See* Pl.'s Mot., Exh. A.) Indeed's boilerplate definition of "Documents" includes "communications, correspondence, email, [and] telegrams". (*Id.*) Defendant contends that the subpoena only seeks to ascertain whether Obodai has accessed his personal Google e-mail account from the same IP address used to create the "John Daniels" account and upload the allegedly infringing works to Indeed's website. (Def.'s Opp., at 3.)

On February 7, 2013, Plaintiff filed the instant motion to quash on the grounds that the subpoena improperly seeks the content of his electronic communications in violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* (Pl.'s Mot., at 1.)

2

## II. LEGAL STANDARD

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "the issuing court must quash or modify a subpoena that... requires disclosure of privileged or otherwise protected matter...." *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

Civil subpoenas are subject to the prohibitions of the Stored Communications Act ("SCA"). *See Theofel v. Farey–Jones,* 359 F.3d 1066, 1071–72, 1077 (9th Cir.2004). Congress passed the SCA in 1986 because "the advent of the Internet presented a host of potential privacy breaches that the Fourth Amendment does not address." *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, C 12-80242 EJD PSG, 2013 WL 256771, at *1 (N.D. Cal. Jan. 23, 2013)(citing 18 U.S.C. § 2701, *et seq.*). The SCA prohibits electronic service providers from knowingly producing the contents of a user's electronic communications. *Id.* at *2 (citing 18 U.S.C. § 2701, *et seq.*). The SCA, however, permits service providers to produce subscriber information "to any person other than a governmental entity." 18 U.S.C. § 2702(c)(6).

## III. DISCUSSION

### A. Indeed, Inc.'s definition of "Documents" is overbroad and appears to seek content protected by the Stored Communications Act.

The crux of Plaintiff's motion to quash appears to be Indeed's broad, boilerplate definition of the term "Documents," which includes e-mails, communications, and correspondence. (*See* Pl.'s Mot., Exh. A.)

Generally, the Stored Communications Act ("SCA"), 18 U.S.C. §2701, *et seq.*, prohibits electronic communication service providers from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service". 18 U.S.C. § 2702(a)(1); *see Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, C 12-80242 EJD PSG, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013). A plain reading of Indeed's subpoena suggests that they are seeking contents of e-mails and other communications that are protected by the SCA.

Indeed's opposition, however, affirmatively states that it does not seek any content information, but rather only "information regarding Obodai's registration of his email account,

including the name, address, telephone numbers, and other identifying information of the account holder, as well as information regarding the IP addresses used by the e-mail account holder to access the account." (Def.'s Opp., at 4:17-22.)

In light of Indeed's assertion that it is not seeking content information, but rather only subscriber information, the subpoena shall be modified to only include non-content information as set forth below.

### B. Indeed is entitled to subscriber information.

The SCA permits service providers to divulge subscriber information "to any person other than a governmental entity." 18 U.S.C. § 2702(c)(6). For that reason, a subpoena may be permissible if it seeks the identity of specific emails or accounts. *Beluga Shipping GMBH & Co. KS BELUGA FANTASTIC v. Suzlon Energy LTD.*, C 10-80034 JW PVT, 2010 WL 3749279 (N.D. Cal. Sept. 23, 2010) (citing *O'Grady,* 139 Cal.App.4th at 1447, 44 Cal.Rptr.3d 72).

As a practical matter, a user furnishes certain identifying information when he creates a Gmail account. This information includes phone numbers and alternate email addresses that may be used for recovery purposes (i.e. forgetting a password). As provided above, this information is not protected by the SCA, as it is not considered content, and may be produced in response to a civil subpoena by a non-governmental entity. *See* 18 U.S.C. § 2702(c)(6).

Indeed properly seeks the subscriber information for the heptad.legal@gmail.com account. This account is both relevant to the underlying action, and it is associated with Plaintiff, as the court in the underlying action has expressly ordered that service of documents may be made to that email address. (Def.'s Opp., at 3 n. 2.)

Since subscriber information is not protected by the SCA, Indeed may obtain non-content information pursuant to a valid, civil subpoena. As provided above, Indeed's Request No. 1 is overbroad in its reference to content-based documents, and must be modified accordingly to limit it to subscriber information.

///

///

///

4

### C. Indeed is entitled to IP address information for the subject email address; Relevant Time Period is not overbroad.

Indeed seeks a list of all IP addresses that have accessed the heptad.legal@gmail.com account, along with the dates and times of access, from April 1, 2012 to present.[1] Under 18 U.S.C. § 2702(c)(1), customer records or subscriber information may be disclosed as authorized in 18 U.S.C. § 2703, which permits providers to disclose user identification information, "records of session times and durations" and "temporarily assigned network addresses." 18 U.S.C. § 2703(c)(2); *see Sams v. Yahoo!, Inc.*, CV-10-5897-JF HRL, 2011 WL 1884633 (N.D. Cal. May 18, 2011)(subscriber information and IP address data is not content-based). This information is not considered to be content-based, and so may be produced in response to a civil subpoena pursuant to the SCA.

Plaintiff believes that the ten month time period is overbroad, as the underlying action is based on events which took place on June 14 and 15, 2012. (Pl.'s Mot., at 5.) In the discovery context, relevancy is a very broad standard, such that each party has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Collecting IP address information for a period of less than one year may be relevant to Indeed's claims or defenses, and is reasonable, as Plaintiff contends that the copyright infringement occurred in June 2012. *See Optiver Australia Pty. Ltd. & Anor.*, 2013 WL 256771, at *3 (ordered production of non-content data from the year prior to the alleged infringement).

Plaintiff also contends that only a single IP address has been used to access his personal email account. Indeed, however, is not required to take Plaintiff at his word, and so may obtain this discovery.

Therefore, Request No. 2 shall be modified to allow Indeed to obtain all IP addresses used to access heptad.legal@gmail.com, as well as the dates and times of such access. No content data shall be divulged. At the hearing, Indeed agreed to withdraw Request No. 3 in its entirety, so that request is stricken.

///

---

[1] The Court will define "present" as January 24, 2013, which was the day the subpoena was dated.

**D.  A Protective Order is Not Properly Before this Court**

Plaintiff asks that the Court, in quashing the subpoena, also grant a protective order "to bar similar future requests." (Pl.'s Mot., at 5.)  As an initial matter, this request is procedurally improper, as Rule 26 requires that the parties make a good faith effort to meet and confer prior to filing a motion for protective order. Fed. R. Civ. P. 26(c)(1) (requires that the movant certify that he made a good faith effort to meet and confer).  Second, the jurisdiction of this Court is limited to the pending motion to quash, and is not presiding over the underlying action, so Plaintiff should file any such requests for relief from the court in the underlying action.  For these reasons, Plaintiff's request for protective order is denied.

### IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS-IN-PART Plaintiff's Motion to Quash.  Pursuant to Rule 45(c)(3)(A)(iii), the Court MODIFIES Indeed's subpoena, such that Google shall provide only the following information:

1. All subscriber information related to the e-mail address heptad.legal@gmail.com, including the names, addresses, telephone numbers, and e-mail addresses of such individuals or entities.

2. Documents sufficient to identify every IP Address Used to access the e-mail account relating to the e-mail address heptad.legal@gmail.com from April 1, 2012 to January 24, 2013, and the dates and times of each such access, excluding information that may contain content data, such as communications, email, and email subject lines.

Further, Plaintiff's request for protective order is DENIED.

IT IS SO ORDERED.

Dated: March 21, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge